State ex rel. Pollard, Appellant, vs. Wisconsin State Board of Medical Examiners, Respondent.

*May 10—September 25, 1920.*

*Physicians and surgeons: Forms of license: Osteopaths: Preliminary educational requirements: Reputable colleges of osteopathy: Statutes: Legislative enactments: Approval by governor after unauthorized material change: Validity.*

1. Ch. 438, Laws 1915, provides for but two forms of license: one to practice medicine and surgery, the other to practice osteopathy and surgery. A license to practice surgery alone is not authorized.

2. The preliminary education required by the statute (sec. 1435a) of applicants for a license to practice medicine and surgery is not required of applicants for a license to practice osteopathy and surgery, and the board of medical examiners may not refuse to examine an applicant for a license to practice osteopathy and surgery because he has not had the preliminary education required of applicants for a license to practice medicine and surgery.

3. If the substitution of the word "or" for the word "and" in a bill as passed by the legislature when it was presented for the governor's signature was a material change, the bill approved by the governor was not the one passed by the legislature and is a void enactment. If the word "or" be construed to

mean the same as "and," then there is no material change, and, in either event, the enactment worked no change in the law in that particular.

4. To constitute colleges of osteopathy reputable within ch. 438, Laws 1915, as amended, it is not necessary that they require of their students a preliminary college course in addition to a high school education.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Relator brought this action in the circuit court for Dane county praying that a peremptory writ of *mandamus* issue against the *Wisconsin State Board of Medical Examiners* commanding the said board to examine relator in the various branches of surgery which are usually taught in reputable colleges of osteopathy and surgery and which are usually the subject of the regular examinations in surgery of said board, and commanding said board, in the event that relator successfully passes the examination as aforesaid, to issue to him a license to practice surgery in the state of Wisconsin. By its return the medical board sought to justify its refusal to permit relator to take the examination in surgery on the ground that he failed to present to said board satisfactory and competent evidence of having completed a preliminary education required by sec. 1435a, Stats., consisting of a two years' college course in physics, chemistry, biology, and either German or French, the equivalent of a two years' premedical course at the University of Wisconsin, which, it alleges, is the preliminary education required of all applicants for the examination in surgery.

It is further alleged in the return that while the petitioner presented evidence that he was a graduate of and held a diploma from the Chicago College of Osteopathy, said college of osteopathy is not a reputable college of osteopathy and surgery defined in sec. 1435a of the Statutes, in that said college of osteopathy at the time the relator matriculated as a student therein in 1913, and during the time he attended said college, and at the time of his graduation in June. 1917,

and at this time, did not, and does not, maintain the standard of preliminary education required by the statutes to be demanded of all matriculants of colleges teaching or under-taking to teach the subject of surgery, and that said college did not, at the times referred to, require of its students a preliminary education in addition to the equivalent of graduation from an accredited high school of the state of Wisconsin, the completion of a two years' college course in physics, chemistry, biology, and either German or French, the equivalent of a two years' premedical course at the University of Wisconsin.

The circuit court found that at the time of applying to the *State Board of Medical Examiners* for the privilege of taking the examination in surgery the relator did not present satisfactory and competent evidence of having completed a two years' college course in physics, chemistry, biology, and either German or French, the equivalent of a two years' premedical course at the University of Wisconsin, and entered judgment denying the petition for a writ of *mandamus* and dismissing the action with costs in favor of defendant and against the relator. From this judgment the relator appealed.

For the appellant there was a brief by *Glicksman, Gold & Corrigan* of Milwaukee and *R. T. Jackson* of Mineral Point, and oral argument by *Walter D. Corrigan.*

For the respondent there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, attorneys, and *A. C. Umbreit* of Milwaukee, of counsel, and oral argument by *Mr. Umbreit.*

The following opinion was filed June 1, 1920:

OWEN, J. It is undisputed that relator duly and properly made application to the *Wisconsin State Board of Medical Examiners* to take the examination for osteopathy and surgery at the regular meeting held June 24, 25, and 26, 1919; that the board permitted him to take the examination

in osteopathy and thereafter issued to him a license to prac-
tice that art, but that it denied him the privilege of taking
the examination in surgery because he did not present com-
petent and satisfactory evidence of possessing the qualifica-
tions prescribed by sec. 1435a of the Statutes, in that he had
not completed a preliminary education consisting of a two
years' college course in physics, chemistry, biology, and
either German or French, which the board avers to be a
prerequisite qualification in order to enable relator to take
an examination in surgery. This involves a construction
of sec. 1435a of the Statutes. That section was created by
ch. 438, Laws 1915. Sub. 1 thereof, so far as material here,
provides as follows:

"All persons, other than those now possessing a license
or a certificate of registration to practice medicine, surgery,
osteopathy, midwifery or nursing, desiring, undertaking or
attempting in this state to practice medicine, surgery, osteop-
athy, midwifery or nursing, or any other form or system
of treating bodily or mental diseases, ailments, infirmities or
injuries of human beings, after the passage and publication
of this act, shall apply to said board at the time and place
designated by the board, or at any regular meeting thereof,
for a license or certificate of registration authorizing such
practice, and shall present to such board at the time of so
applying satisfactory evidence of having completed a pre-
liminary education equivalent to graduation from an ac-
credited high school of this state; and all persons so apply-
ing for a license to practice medicine and surgery after the
first day of January, 1919, shall, in addition to such pre-
liminary education equivalent to graduation from an ac-
credited high school of this state, present satisfactory and
competent evidence of having completed a two years' col-
lege course in physics, chemistry, biology and either Ger-
man or French, the equivalent of a two years' premedical
course at the University of Wisconsin."

Right here it may be noted that ch. 438, Laws 1915, was
amended by ch. 595, Laws 1915, and the language just
quoted was embodied in the bill culminating in said ch. 595

State ex rel. Pollard v. Board of Medical Examiners, 172 Wis. 317.

and passed the legislature with such language therein; but in the bill sent to and approved by the governor there was a variation from the language of the bill as it passed the legislature. The bill sent to and approved by the governor provided that "and all persons so applying for a license to practice medicine *or* surgery after the first day of January, 1919," etc., while the bill as it passed the legislature provided that "and all persons so applying for a license to practice medicine *and* surgery after the first day of January, 1919," etc. In other words, the conjunctive *and* between the words "medicine" and "surgery" as passed by the legislature was changed to *or* in the bill that was sent to and approved by the governor. The change of the conjunctive from *and* as it passed the legislature to *or* as it was approved by the governor was not the result of legislative action of which there is any record, and the only explanation for it is that the change was due to the blunder of a legislative clerk. In this situation, if the substitution of the word *or* for the word *and* be construed as a material change, then it is apparent that the bill approved by the governor was not the one passed by the legislature, and is a void enactment, for the reasons stated in *State v. Wendler,* 94 Wis. 369, 68 N. W. 759. If the word *or* be construed to mean the same as the word *and* for the purposes of the act, then of course there was no material change. But, in either event, the law must be construed to be as created by ch. 438, Laws 1915, which used the conjunctive *and,* and the phrase should read, "for a license to practice medicine *and* surgery after the first day of January, 1919," etc. The law, therefore, is this:

"and all persons so applying for a license to practice medicine and surgery after the first day of January, 1919, shall, in addition to such preliminary education equivalent to graduation from an accredited high school of this state, present satisfactory and competent evidence of having completed a two years' college course in physics, chemistry, biology and either German or French, the equivalent of a

two years' premedical course at the University of Wisconsin."

The question is whether one who makes application for a license to practice osteopathy and surgery must present satisfactory and competent evidence of having completed this two years' college course. Now the statute provides for but two forms of licenses, one to practice "medicine and surgery" and the other to practice "osteopathy and surgery." No license is authorized for the practice of medicine alone or osteopathy alone, or for surgery alone, except by the following provision (sub. 2, sec. 1435a):

"Any person duly licensed to practice osteopathy in this state at any time prior to the first day of January, 1916, shall be licensed to practice surgery upon passing the regular examination of the board in surgery, and presenting evidence of having completed an adequate course in surgery at a reputable school or college of osteopathy and surgery requiring not less than twenty months' actual attendance thereat."

The reason for this provision is plain. Prior to the enactment of ch. 438, Laws 1915, persons could be licensed to practice osteopathy alone, but there was no provision by which they could be licensed to practice osteopathy and surgery. By ch. 438, Laws 1915, provision was made for licensing persons to practice osteopathy and surgery. It was a legislative recognition of the fact that schools of osteopathy were properly equipping their graduates for the practice of surgery as well as osteopathy. This, however, left graduates of reputable schools of osteopathy who had theretofore been licensed under our law only for the practice of osteopathy, possessing all the requirements imposed by law for the practice of surgery, without any license therefor. The provision just quoted manifestly was to enable those who had theretofore graduated from a reputable school of osteopathy and who had been licensed under our law to practice osteopathy only, to secure a license to practice surgery

State ex rel. Pollard v. Board of Medical Examiners, 172 Wis. 317.

as well as osteopathy, thus placing them on an equality with those who should thereafter graduate from a reputable school of osteopathy. As before stated, ch. 438, Laws 1915, provided for but two forms of licenses: one to practice "medicine and surgery," the other to practice "osteopathy and surgery." To secure either form of license a preliminary education is required, namely, an education "equivalent to graduation from an accredited high school of this state." This is a preliminary education which must be acquired by applicants for a license to practice either medicine and surgery or osteopathy and surgery; but of those applying for a license to practice medicine and surgery a further preliminary education is required by virtue of the following language, already quoted:

"and all persons so applying for a license to practice *medicine and surgery* after the first day of January, 1919, shall, in addition to such preliminary education equivalent to graduation from an accredited high school of this state, present satisfactory and competent evidence of having completed a two years' college course in physics, chemistry, biology and either German or French, the equivalent of a two years' premedical course at the University of Wisconsin."

It seems to us too plain for argument that this additional preliminary education applies only to those who seek a license to practice "medicine and surgery" as distinguished from those desiring a license to practice "osteopathy and surgery." In view of the fact that only two forms of licenses are provided for by the enactment, if it were intended to apply to both forms of license, why limit it to those making application for one form of license, namely, to practice "medicine and surgery"? It is true, no doubt, that those licensed to practice "osteopathy and surgery" should have qualifications in the subject of surgery equal to those licensed to practice "medicine and surgery." But it does not follow that an education for the practice of osteop-

athy should be co-equal with the education required for the practice of medicine. The additional education required of those desiring a license to practice "medicine and surgery" was required, we take it, because in the legislative mind it was deemed a proper equipment for those undertaking the practice of medicine, while not an essential requirement for those proposing to practice either osteopathy or surgery. Our conclusion is that the relator was not required to exhibit to the board satisfactory proof of his having completed the two years' college course.

It is further claimed on the part of the board that the Chicago College of Osteopathy, from which relator graduated, is not a reputable college of osteopathy, because said college does not require of its students a standard of preliminary education equal to the college course aforesaid. This is material because said sec. 1435$a$, as enacted by ch. 438, Laws 1915, provides (sub. 2) that

"Applicants desiring to obtain a license to practice medicine, surgery or osteopathy shall, in addition to the satisfactory evidence of having acquired the preliminary education herein designated, present a diploma from a reputable college or school of medicine and surgery or of osteopathy and surgery; . . . if the applicant be an osteopath he shall submit to an examination in the various branches of osteopathy and surgery usually taught in reputable colleges of osteopathy. A college or school of medicine and surgery or of osteopathy and surgery maintaining the standard of preliminary education hereinbefore designated and requiring at least four courses of eight months each before graduation shall be deemed reputable."

We have already seen that the preliminary education required of one applying for a license to practice osteopathy and surgery is an "education equivalent to graduation from an accredited high school of this state." The additional college course applies only to those desiring to practice medicine and surgery; consequently, in order to constitute colleges of osteopathy reputable under the terms of this law, it

is not necessary that they require of their students the college course in addition to the high school education.

It follows that the college of osteopathy from which relator graduated is in all respects a reputable college; that he presented to. the *Wisconsin State Board of Medical Examiners* satisfactory proof of his qualifications in full compliance with sec. 1435*a*, Stats., and that he was entitled to take the examination in the subject of surgery. The peremptory writ of *mandamus* should issue as prayed.

*By the Court.*—Judgment reversed, and cause remanded with instructions to issue the peremptory writ of *mandamus* as prayed for in relator's petition.

A motion for a rehearing was denied, with $25 costs, on September 25, 1920.